# EXHIBIT "B"

CAUSE NO. C-1076-19-G

| | | |
|---|---|---|
| MARCOS LOPEZ, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 370th JUDICIAL DISTRICT |
| | § | |
| TEXAS RIO GRANDE LEGAL | § | |
| AID, INC., | § | |
| | § | |
| Defendant | § | HIDALGO COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes **TEXAS RIO GRANDE LEGAL AID, INC.**, Defendant in the above-styled and numbered cause and files this, its First Amended Original Answer in reply to the Plaintiff's Original Petition, and for such answer would respectfully show unto the Court the following:

I.

### GENERAL DENIAL

Reserving the right to file other and further pleadings, exceptions and denials, Defendant denies each and every material allegation contained in Plaintiff's Original Petition and demands that Plaintiff be required to prove the same by a preponderance of the evidence in accordance with the laws and Rules of Civil Procedure of the State of Texas.

II.

### JURY DEMAND

Defendant demands a jury trial and herewith tenders the required jury fee.

## III.

## **AFFIRMATIVE DEFENSES**

For further answer, if such be necessary, Defendant would show that the claims of the Plaintiff, which are not admitted but are denied, are barred in whole or in part, and by a common law and/or statutory privilege, and that Defendant's actions are absolutely, conditionally, qualified, quasi and/or otherwise privileged as a matter of law, since the acts or omissions, if any, were made in good faith, with proper motive and without malice.

Defendant would show that Plaintiff was an at-will employee who was terminated for performance reasons.

Defendant denies that it or any of its employees have ever harassed, retaliated against, or otherwise illegally discriminated against Plaintiff and Defendant denies each and every material allegation contained in Plaintiff's Original Petition.

Defendant would show that any employment decisions regarding Plaintiff involved a permissible exercise of legal right and were made for valid, non-discriminatory and non-retaliatory reasons.

Defendant would show that any conduct complained of by Plaintiff, insofar as such conduct may have occurred at all, was job-related and consistent with business necessity and made in good faith, with proper motive and without malice.

Defendant denies that Plaintiff has suffered any damages. Alternatively, Defendant asserts that any damages claimed by Plaintiff must: (a) be below any applicable statutory damage caps; (b) be adjusted to reflect any failure on the part of Plaintiff to mitigate his damages; (c) terminate upon Plaintiff's finding of alternative

employment at an equal or higher rate of pay than Plaintiff was earning; and (d) be adjusted to reflect interim earnings, workers' compensation benefits and unemployment compensation.

Defendant would show that in the event Plaintiff is entitled to recover damages for loss of wages, which Defendant denies, such damages should be reduced because Plaintiff has failed to mitigate his damages. Defendant is entitled to an offset for all amounts which Plaintiff earned or reasonably should have earned or otherwise received, including severance benefits and unemployment wages paid by or on behalf of Defendant, following his employment with Defendant.

Defendant would show Plaintiff is not entitled to an award of punitive damages. In the event that the court or jury determines that Plaintiff is entitled to an award of punitive damages, any such award under Texas law must be in accordance with Tex. Labor Code and Tex. Civ. Prac. & Rem. Code.

Defendant would show unto the Court that Plaintiff's claims for exemplary damages would violate Section 10 of Article 1 and the 5th, 8th and 14th Amendments to the Constitution of the United States of America. Defendant would show that a recovery, award or judgment of exemplary damages in this case would violate Sections 3, 13 and 19 of Article 1 of the Constitution of the State of Texas. A recovery, award of judgment of exemplary damages in this case would have the effect of imposing excessive fines, would deprive Defendant of property without due process of law, would deny Defendant equal protection of the law, and would impair the obligations of contracts.

Electronically Filed
5/21/2019 11:12 AM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

Defendant would show that Plaintiff has not presented any evidence that any allegedly protected conduct was a factor in the employment decisions of his termination or that the proffered reasons were pretext for discrimination.

Defendant would further show that Plaintiff's claims have been previously determined by binding arbitration and therefore, his claims are precluded by the doctrine of res judicata, collateral estoppel and issue preclusion.

## IV.

## AFFIRMATIVE RELIEF

Defendant will seek reasonable attorney fees, expert fees and costs as the prevailing party pursuant to § 21.259 of the Texas Labor Code.

WHEREFORE, PREMISES CONSIDERED, Defendant **TEXAS RIO GRANDE LEGAL AID, INC.**, prays that Plaintiff take nothing against Defendant, that Defendant go hence with costs, without day, and for such other and further relief, at law or in equity to which it may be entitled.

Respectfully submitted,

ATLAS, HALL & RODRIGUEZ, LLP
P. O. Drawer 3725 (78502)
818 West Pecan Boulevard
McAllen, Texas 78501
(956) 682-5501
(956) 686-6109 – Facsimile

By: ______________________
Rex N. Leach
Texas State Bar No. 12086300
Susan Sullivan
Texas State Bar No. 1154600
E-Mail: rleach@atlashall.com
E-Mail: ssullivan@atlasall.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served upon all counsel of record in this cause pursuant to the Texas Rules of Civil Procedure on the ___21st___ day of May, 2019, to-wit:

Mr. Juan E. Gonzalez
LAW OFFICE OF JUAN E. GONZALEZ, PLLC
310 East Business Highway 83
Weslaco, Texas 78596
(956) 447-5585
(956) 447-8637
E-Mail: juanegonzalez@jeglaw.net
*Attorney for Plaintiff*

Rex N. Leach
Susan Sullivan